UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPHINE SMALLS MILLER                    3:15CV01111 (MPS)
    Plaintiff

V.

BETH L. BALDWIN (I/O CAPACITY),
SUZANNE SUTTON (I/O CAPACITY)             September 2, 2015
    Defendants

## MOTION TO AMEND COMPLAINT FOR INJUNCTION

    Plaintiff Josephine S. Miller files this motion to file a second amended complaint in this matter.

    The purpose of the proposed amendment is to include additional facts in support of Plaintiff's claims and to add an additional count.

    On September 1, 2015 Defendants' counsel was queried regarding the filing of this motion and he has indicated his objection to amending the complaint.

    Because this matter is in the very early stages, there is no prejudice that can be shown by Defendants. Moreover, under the liberal pleading amendment standards of Federal Rule of Civil Procedure 15, the amendment should be permitted

                              THE PLAINTIFF

                              BY: /s/Josephine S. Miller
                              Josephine S. Miller, Fed Bar # ct27039
                              152 Deer Hill Avenue, suite 302
                              Danbury, CT  06810
                              Tel:  (203) 512-2795

Fax: (203) 702-5188
Email: jmillerlaw@sbcglobal.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPHINE SMALLS MILLER                    **JURY TRIAL DEMANDED**
    Plaintiff

V.

BETH L. BALDWIN (I/O CAPACITY),
SUZANNE SUTTON (I/O CAPACITY)              SEPTEMBER 1, 2015
    Defendants

### SECOND AMENDED COMPLAINT FOR INJUNCTION

**I.    JURISDICTION**

The jurisdiction of this court is invoked pursuant to Title 28 U. S. C. §§1331, 1343 (a) (3) and (a) (4), 2201.

Jurisdiction of this court is further invoked pursuant to Title 42 U. S. C. §1983, 1981 and 1988.

**II.   VENUE**

Venue is proper in this court inasmuch as the acts alleged herein occurred within the State of Connecticut.

**III.  STATEMENT OF FACTS**

1.    Plaintiff is Josephine Smalls Miller, a citizen of the State of Connecticut, with an office and place of business at 152 Deer Hill Avenue, Suite 302, Danbury, CT  06810.

2. At all times material herein, Plaintiff has been a practicing attorney, licensed to practice in the State of Connecticut and subject to state statutes regarding attorney conduct.

3. Beth L. Baldwin, sued in her individual and official capacity, is Assistant Chief Disciplinary Counsel, State of Connecticut, Office of the Chief Disciplinary Counsel (hereafter referred to as "OCDC"). At all times material herein, Baldwin was acting under color of law.

(a) The OCDC is an administrative agency of the State of Connecticut that is charged with, inter alia, enforcing the state statutes regarding attorney practice of law, investigating and monitoring attorney conduct.  It has an office and place of business located at 100 Washington Street, Hartford, CT   06103.

4. Suzanne Sutton, sued in her individual and official capacity, is First Assistant Chief Disciplinary Counsel.   At all times material herein, Sutton was assigned to pursue a complaint of alleged misconduct by Plaintiff.  At all times material herein, Sutton was acting under color of law.

5. Plaintiff has at various times over the past thirty-five years have been admitted to practice in the State of Michigan, the State of Georgia and the State of Connecticut. She have been admitted to practice in Connecticut since 2004.

6. During most of her thirty-five years of practice Plaintiff has specialized in employment discrimination/civil rights law.

7.     On May 13, 2014 Plaintiff filed a complaint in U. S. District Court for the District of Connecticut against the Bridgeport Police Department (hereafter referred to as "BPD") and others, alleging inter alia, race discrimination, conspiracy, and tortious interference with contract. [<u>Miller v. Bridgeport Police Department</u>; 3:14-cv-00689-JAM]

8.     The filing of this complaint as a separate cause of action was necessitated by the refusal of District Court Judge Vanessa L. Bryant to permit an amendment to the directly related complaint that had been filed earlier in <u>Miller v. Bridgeport Board of Education</u> (hereafter referred to as BBOE) [3:12-cv-1287 (JAM)]  The matter was transferred to Judge Meyer.

9.     In <u>Miller v. Bridgeport Board of Education</u>, District Court Judge Jeffrey Meyer issued sanctions against Plaintiff contending that certain specified paragraphs of the complaint he deemed to be false statements. These statements were with regard to Plaintiff's claims of civil rights violations based upon race discrimination.  As a further sanction Judge Meyer dismissed the race discrimination claim.

10.    On March 18, 2015 Plaintiff filed a second amended complaint in the matter of <u>Miller v. BPD</u>.  This amended complaint alleged race discrimination by the BPD and the Bridgeport City Attorney Mark Anastasi.  However, the second amended complaint modified the factual statements regarding race discrimination that had been deemed by Judge Meyer to be false.

11.     On July 2, 2015 Suzanne Sutton, in her capacity as First Assistant Chief Disciplinary Counsel, filed two additional allegations of professional misconduct against Plaintiff in Grievance No. 14-0803.  The contention is that it is professional misconduct in violation of Rule 3.1 of the Code of Professional Responsibility for Plaintiff to have filed this second amended complaint alleging racial discrimination.  Further it is alleged that it is professional misconduct for Plaintiff to have filed an opposition to the motion to dismiss filed by defendants.

12.     The complaint allegations which the Disciplinary Counsel has determined to be an act of professional misconduct read in pertinent part:

> "45.    Defendant City of Bridgeport, Bridgeport Police Department and Anastasi maintained a policy, practice, and custom of engaging only majority white law firms to perform legal services pursuant to C.G. S. § 7-101a.
>
> 46.     Defendant City of Bridgeport, Bridgeport Police Department and Anastasi retained no African-American lawyers similarly situated to Plaintiff to perform legal services pursuant to C.G. S. § 7-101a."

13.     These factual statements in the federal court lawsuit were in support of Plaintiff's claims in Count One and Count Two, that allege racial discrimination under 42 U. S. C. § 1983.

14. The claims of civil rights violations based upon racial discrimination are based upon the refusal of the Bridgeport Board of Education, the Bridgeport Police Department and the Bridgeport City Attorney Mark Anastasi to pay Plaintiff for legal services rendered to several city employees who were entitled to a defense pursuant to C.G.S. §7-101a. In one instance, Defendants had readily paid the attorney fees of Caucasian Attorney Matthew Hirsch for some three years as he represented city school Principal Andrew Cimmino but refused to pay Plaintiff when she was asked by the employee to assume his defense.

15. The federal court claims of race discrimination are pending in federal court, awaiting decision by Judge Meyer.

16. The defendants in the federal court action have filed a motion to dismiss on various grounds, however they have not made any claim that the second amended complaint contains any false statements regarding the civil rights claims based upon race discrimination such as those deemed to be false by Judge Meyer.

17. Defendant OCDC, Baldwin and Sutton have filed additional allegations of professional misconduct that will result in a grievance hearing and possible discipline that may include up to and including reprimand, suspension and disbarment.

18. Upon information and belief, defendants' intent and purpose is to restrain Plaintiff in the exercise not only of her own right to make a claim that her civil rights have been

violated based upon racial discrimination, but also to hold a Sword of Damocles over her head with respect to bringing claims of racial discrimination on behalf of her clients in general.

19. On September 1, 2015 the OCDC, acting through Assistant Disciplinary Karyl Carrasquillo, presented evidence in pursuit of its claim of professional misconduct against Plaintiff.

20. Attorney Carrasquillo admitted that they "probably do not have sufficient evidence for a probable cause finding". Nevertheless she did not withdraw the two additional allegations of professional misconduct. Instead the grievance, including the two additional allegations of professional misconduct remain in the grievance and a presentment is being sought.

21. On September 1, 2015 Plaintiff presented substantial evidence to Attorney Carrasquillo regarding multiple instances of other non-African-American attorneys who engaged in the same or substantially similar conduct as that alleged against Plaintiff but with no disciplinary action against them.

22. Upon information and belief, the OCDC through its agents and employees, including but not limited to Attorney Carrasquillo, do not intend to undertake any investigation of the substantial evidence of attorney misconduct substantially similar to that alleged against Plaintiff.

23. By way of example, on August 17, 2015 Plaintiff filed a complaint with the Statewide Grievance Committee regarding multiple false statements of material fact by an Assistant Attorney General in pleadings in a matter pending in state superior court (i.e. Gilbert v. Department of Correction).

24. As of the date of this amended complaint, there has been no acknowledgement by Bar Counsel regarding even receipt of the grievance much less assignment of the matter for consideration by a local grievance panel.

25. Upon information and belief the Statewide Grievance Committee and the OCDC work in tandem with one another in pursuing attorney discipline matters.

26. By failing and refusing to apply the attorney discipline regulations to the Assistant Attorney General, OCDC and the Statewide Grievance Committee have engaged in disparate treatment.

27. The OCDC, acting through its agents and employees Baldwin and Sutton, caused an investigation to be made of at least two of Plaintiff's cases.

28. Of the multitude of Plaintiff's cases, the OCDC selected for investigation two cases that allege racial discrimination. (I.e. Igidi v. Department of Correction and Eaddy v. Department of Children & Families).

29. The OCDC caused a referral to be made to the grievance committee local panel against Plaintiff for her pleadings made in these two racial discrimination cases.

30. The purpose of the referral to the local grievance committee panel was to cause a finding of probable cause against Plaintiff and to discipline her for said handling of these racial discrimination claims.

31. By referring Plaintiff to the local grievance committee panel regarding her handing of racial discrimination lawsuits on behalf of Plaintiff's clients, the OCDC, Baldwin and Sutton are causing a chilling effect upon the exercise of Plaintiff' and her clients' constitutional rights to redress grievances related to racial discrimination.

32. The OCDC, through its agents and employees, caused a referral to be made to the local panel of the grievance committee based upon a referral by the en banc Connecticut Appellate Court.

33. The action of the Connecticut Appellate Court in, inter alia, referring Plaintiff to the Disciplinary Counsel, is the subject of a pending writ of error before the Connecticut Supreme Court.

34. The writ of error that is pending before the Connecticut Supreme Court includes, inter alia, a claim of disparate treatment of Plaintiff.

35. Upon information and belief, the purpose of the referral to the local grievance panel by the OCDC, acting through its agent and employees, based upon the referral by the Connecticut Appellate Court was create a paper trail for purposes of further disciplining Plaintiff and ultimately causing the loss of her license to practice law.

36. Upon information and belief, the OCDC is motivated to discipline Plaintiff, including the loss of her license to practice law, because of its animus towards her race discrimination and civil rights litigation practice.

37. At the grievance committee hearing on September 1, 2015 the OCDC and the Grievance Committee refused to provide Plaintiff with appropriate due process in defense of the additional allegations of professional misconduct, including but not limited to discovery to prepare for the proceedings, and the opportunity to fully and fairly present evidence relevant to her defenses.

**COUNT ONE:** **PURSUANT TO THE U. S. CONSITUTION, FOURTEENTH AMENDMENT (As to Baldwin, Sutton)**

1. – 37.   Complaint Paragraphs 1 through 37 are incorporated herein by reference and made paragraphs 1 through 37 of this Count One.

38.   The acts of defendants alleged in paragraphs 11 – 37 violate Plaintiff's rights under the due process clause of the Fourteenth Amendment to the U. S. Constitution.

39.   Application of the state statute regarding attorney regulation, as applied to Plaintiff under the circumstances alleged herein, is unconstitutional.

40.   Plaintiff will be damaged thereby and suffer irreparable harm if the remedy requested is not granted.

**COUNT TWO:** **PURSUANT TO THE U. S. CONSITUTION, FOURTEENTH AMENDMENT (As to Baldwin, Sutton)**

1. – 37.   Complaint Paragraphs 1 through 37 are incorporated herein by reference and made paragraphs 1 through 37 of this Count One.

38.   The acts of defendants alleged in paragraphs 11 – 37 violate Plaintiff's rights under the equal protection clause under the Fourteenth Amendment to the U. S. Constitution to be free of racial discrimination.

39.   Application of the state statute regarding attorney regulation, as applied to Plaintiff under the circumstances alleged herein, is unconstitutional.

40. Plaintiff will be damaged thereby and suffer irreparable harm if the remedy requested is not granted.

**COUNT THREE:   PURSUANT TO 42 U. S. C. § 1983. (As to Sutton, In her Individual Capacity)**

1. – 37. Complaint Paragraphs 1 through 37 are incorporated herein by reference and made paragraphs 1 through 37 of this Count Two.

38. By, inter alia, finding professional misconduct in the bringing of the claim of racial discrimination in Miller v. Bridgeport Police Department, and threatening discipline against Plaintiff, Sutton has interfered with Plaintiff's rights under 42 U. S. C. § 1983, the right to make a claim of racial discrimination, utilizing the federal district courts.

39. Sutton was personally involved in the constitutional and statutory violations against Plaintiff and is not entitled to qualified immunity.

40. Plaintiff's rights under the fourteenth amendment and 42 U. S. C. § 1983 are well established.

41. Plaintiff will be damaged thereby and suffer irreparable harm if the remedy requested is not granted.

**COUNT FOUR:   PURSUANT TO THE U. S. CONSITUTION, FIRST AMENDMENT (As to Baldwin, Sutton)**

1. – 37. Complaint Paragraphs 1 through 37 are incorporated herein by reference

and made paragraphs 1 through 37 of this Count Three.

38. By, inter alia, enforcing the state statute regulating attorney conduct as applied to Plaintiff, by filing additional allegations of professional misconduct and threatening to discipline her for pursuing her civil rights claims and those of her clients, Defendants have violated Plaintiff's first amendment right to petition the government for redress of grievances.

39. Plaintiff will be damaged thereby and suffer irreparable harm if the remedy requested is not granted.

## **PRAYER FOR RELIEF**

(a) Plaintiff has no adequate remedy at law for the injuries currently being suffered in that a grievance hearing with regard to the additional allegations of professional misconduct will be held prior to any hearing on the merits of Plaintiff's claim that the state statute regulating attorney conduct is unconstitutional as applied to her.

(b) Plaintiff will suffer irreparable injury if defendants' conduct is not restrained in that Plaintiff will be forced to defend that aspect of the grievance hearing that alleges professional misconduct in her maintenance of her valid civil rights cause of action for racial discrimination.

(c) Plaintiff will suffer irreparable injury if defendants' conduct is not restrained in that there will be an interference in Plaintiff's civil rights claim that her ability to make and enforce contracts for the representation of her clients who wish to bring their own civil rights claims of racial discrimination has been impermissibly breached.

(d)     Plaintiff's success on the merits of her claims is highly likely in view of the parallel claims of civil rights attorneys of color in the U. S. Supreme Court decision in N.A.A.C.P. v. Button, 371 U. S. 415 (1963).

**WHEREFORE**, Plaintiff prays judgment against Defendants and each of them, as follows:

1.     For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action;

2.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them:

A.     Pursuing any claim of the additional allegations of professional misconduct in any grievance hearing or other manner against Plaintiff;

B.     Pursuing any reprimand, suspension or other sanction against Plaintiff for the additional allegations of professional misconduct.

C.     Pursuing, in any other manner, any claim of professional misconduct for filing claims of racial discrimination or other civil rights claims on behalf of Plaintiff's clients.

3.     For attorney fees herein incurred;

4.     For costs of suit herein incurred; and

5.      For such other and further relief as the court deems proper.

                THE PLAINTIFF
BY: */s/Josephine S. Miller*
Josephine S. Miller, Fed Bar # ct27039
152 Deer Hill Avenue, suite 302
Danbury, CT   06810
Tel:  (203) 512-2795
Fax: (203) 702-5188
Email:  jmillerlaw@sbcglobal.net

**<u>CERTIFICATION</u>**

This is to certify that on September 1, 2015, a copy of the foregoing Motion to Amend Complaint for Injunction was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Josephine S. Miller*
Josephine S. Miller