UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MILLER, JOSEPHINE                      CIVIL ACTION NO. 3:15CV1111 (MPS)
    Plaintiff

V.

SUTTON, SUZANNE,
CARASQUILLA, KARYL
BOWLER, MICHAEL
    Defendants                          FEBRUARY 29, 2016

## MOTION FOR RECONSIDERATION

Plaintiff Josephine Miller files this motion for reconsideration of the order staying discovery in this matter pending a decision on the motion to dismiss. For the reasons cited below, Plaintiff should be permitted the opportunity to engage in limited discovery regarding the jurisdictional issue.

I.     **Statement of Facts**

Plaintiff filed this multiple count lawsuit initially against two individual members of the Office of Chief Disciplinary Counsel, Suzanne Sutton and Beth Baldwin alleging certain actions on their part to discriminate against and retaliate against Plaintiff because of her race and her involvement in civil rights litigation. Plaintiff has now filed an amended complaint that alleges additional acts by Michael Bowler, bar counsel for the Statewide Grievance Committee and substitutes Karyl Carrasquilla for Beth Baldwin.

The amended complaint presents prima facie evidence of a comprehensive and sustained campaign by the individually named defendants to deprive Plaintiff of multiple constitutional rights. Plaintiff has made factual pleadings of multiple actions by the named

defendants who happen to be involved in the application of state attorney disciplinary rules and regulations.  These actions show a sustained and multi-pronged attack on Plaintiff from which both a direct and circumstantial case can be made that Defendants' motive and intent is to deprive Plaintiff of her property interest in her license to practice law for unlawful, discriminatory and retaliatory reasons.

Defendants have now filed a renewed motion to dismiss the third amended complaint to which Plaintiff will respond in due course.  However, as set forth infra, Plaintiff is entitled to discovery on the issue of whether the court has jurisdiction to hear this matter.

## II.    Legal Arguments

### A.    Plaintiff should be Entitled to Engage in Limited Discovery on the Jurisdictional Issue

Generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to *any other* discovery. Filus v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2nd Cir. 1990) See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U. S. 340, 351 & n. 13, (1978).

Although Steel Co v. Citizens for a Better Environment, 523 U. S. 83, 101 (1998), makes clear that the jurisdictional issue must be resolved before the merits issue, the decision creates an uncertainty as to the proper course in a case presenting issues of both Article III and what the District Court viewed as statutory standing. Alliance for Environmental Renewal, Inc. at Pyramid Crossgates Company, et al., 436 F.3d 82 (2d Cir. 2006).

"Once the Defendants' motion to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b) (1) put the Plaintiffs' Article III standing in issue, the District Court has leeway as to the procedure it wishes to follow. See Gibbs v. Buck, 307 U. S. 66, 71-72 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."). After limited discovery on the jurisdictional issue, see Filus, supra, the matter might be appropriate for resolution on motion supported by affidavits, see Exchange National Bank v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir.1976), or, if a genuine dispute of material fact exists, the Court may conduct a hearing limited to Article III standing, see Lawrence v. Dunbar, 919 F.2d 1525, 1529-30 (11th Cir. 1990); cf. Ball v. Metallurgie Hoboken-Overpelt, S.A, 902 F.2d 194, 197 (2d Cir. 1990) (outlining similar procedures for establishing personal jurisdiction under Rule 12(b)(2)). Or, where the evidence concerning standing overlaps with evidence on the merits, the Court might prefer to proceed to trial and make its jurisdictional ruling at the close of the evidence. See Land v. Dollar, 330 U. S. 731, 739 (1947). ("[T]he District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits."); Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 n. 3 (2d Cir.2001). If, however, the overlap in the evidence is such that fact-finding on the jurisdictional issue will adjudicate factual issues required by the Seventh Amendment to be resolved by a jury, then the Court must leave the jurisdictional issue for the trial, see Morrison v. Amway Corp.., 323 F.3d 920, 930 (11th Cir.2003); cf. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 677 (1st Cir.1992) (making same point as to personal jurisdiction)."   See generally First City, N. A. v. Rafidain Bank, 150 F.3d 172, 176-77 (2d Cir.1998) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue.")

Similar to the rationale of the court in First City, the court's focus should not be only on sovereign immunity and concerns regarding the state's interest in attorney discipline because this action is brought against *individuals* for whom such considerations do not apply.

B. Dismissal of this Action Without the Opportunity for Jurisdictional Discovery Would Have the Perverse Effect of Potentially Denying Plaintiff the Very Safeguards that Defendants Claim Would be Available Through the State Court Process

A typical dismissal under Rule 12(b) (6), i.e., for failure to state a claim, is an adjudication on the merits with preclusive effect.  See Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3,  (1981); Nowak v. Iron-workers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir.1996); Angel v. Bullington, 330 U.S. 183, 190 (1947); Bell v. Hood, 327 U.S. 678 (1946).  Thus, if this court were to preclude Plaintiff from jurisdictional discovery, and grant the dismissal it would in effect be foreclosing, perhaps unwittingly, the very avenue of review that Defendants claims is available through the state court process.  The court must grant the right of limited jurisdictional discovery in order to avoid an appearance of favoritism towards Defendant.

Counsel for Defendant was queried regarding his position on this motion for reconsideration and objects thereto.

III. **Conclusion**

For the foregoing reasons it is respectfully submitted that there are substantial legal and factual grounds for granting Plaintiff the right to engage in discovery on the jurisdictional issue

THE PLAINTIFF

By: /s/Josephine S. Miller
JOSEPHINE S. MILLER, Bar #ct27039
152 Deer Hill Avenue, Suite 302
Danbury, CT 06810
Tel: (203) 512-2795
Fax: (203) 702-5188
Email: jmillerlaw@sbcglobal.net

<u>Certification</u>

I hereby certify that on March 6, 2016, a copy of the foregoing Motion for Reconsideration was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Josephine S. Miller</u>
Josephine S. Miller